UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case Nos. 1:93-cr-51 and 1:02-cr-9 |
| | ) | Judge Edgar |
| | ) | |
| DAVID WESLEY TAYLOR | ) | |

## MEMORANDUM AND ORDER

David Wesley Taylor (Taylor) is a federal prisoner in the custody of the United States Bureau of Prisons (BOP). On June 30, 2008, Taylor made a *pro se* motion in criminal cases 1:93-cr-51 and 1:02-cr-9 to stay the collection of court-ordered restitution by BOP and the United States Probation Office. BOP has been collecting and administering the payments of restitution through the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. §§ 545.10 - 545.11.

Taylor contends there are some discrepancies and errors in the way that his restitution payments have been allocated, applied, and credited between the two criminal cases. Taylor moves for a restraining order to stop the collection of restitution pending review by the Court. Taylor also requests that BOP and the Clerk of this District Court be ordered to provide him with documentation showing all restitution payments that have been made or received to date. Taylor seeks an accounting of the restitution payments made so far and an explanation of how those restitution payments have been allocated between his two criminal cases.

After reviewing the record, the Court concludes that the motion is **DENIED**. Taylor cannot

bring the instant motion directly in these long-closed criminal cases. Taylor does not have a right to file the instant motion in these closed criminal cases demanding such relief. The Court lacks the authority and jurisdiction to reopen and reconsider the judgments of conviction and sentences in these criminal cases, except in very narrow circumstances under 28 U.S.C. § 2255 and Fed. R. Crim. P. 35(b) which are not applicable here.

With regard to the issue of restitution, the Court has the authority and discretion pursuant to 18 U.S.C. § 3664(k) to make post-judgment adjustments concerning the time, schedule, and method of restitution payments, but only if there has been a material change in Taylor's economic circumstances that affect his current ability to pay restitution. Taylor does not cite § 3664(k) in his motion. 18 U.S.C. § 3664(k) is not applicable because Taylor does not contend that there has been a material change in his economic circumstances that affects his ability to pay restitution. In sum, this Court lacks the jurisdiction and authority to consider Taylor's instant motion which he has mistakenly filed in these closed criminal cases. Based on the motion, the Court cannot grant the relief Taylor demands.

To pursue such a motion, Taylor may bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 which would be a habeas proceeding separate from the closed criminal cases. Taylor challenges the manner in which BOP is administering the IFRP in collecting and allocating the restitution payments. Taylor complains about and challenges the execution of his sentence to pay restitution. These claims concerning BOP and the execution of his sentence to make restitution are cognizable in a habeas proceeding under 28 U.S.C. § 2241. *Ihmoud v. Jett*, 2008 WL 887384 (7th Cir. April 3, 2008); *Williams v. Pearson*, 197 Fed. Appx. 872 (11th Cir. 2006); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (7th Cir. 2002) (challenges to IFRP collection mechanisms concern

execution of sentence and are therefore correctly framed as claims for habeas relief under 28 U.S.C. § 2241); *Chavez v. Truesdale*, 36 Fed. Appx. 859 (7th Cir. 2002); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

Taylor has not brought a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Instead, Taylor has filed a motion for relief directly in the closed criminal cases which he cannot do. The Court hastens to make it crystal clear that it does not encourage or discourage the filing of a habeas petition by Taylor under 28 U.S.C. § 2241. This Court expresses no opinion today whether a future § 2241 habeas petition by Taylor might meet with any success and ultimately result in Taylor obtaining habeas relief. The key point is that 28 U.S.C. § 2241 is the proper vehicle for Taylor to raise and present his claim challenging the execution of his sentence by BOP through IFRP. There is an alternative reason why Taylor's instant motion must be denied. Taylor has not met his burden of showing that he has exhausted his administrative remedies through the BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10 - 542.18. Before Taylor can seek judicial relief in this Court, he is required to exhaust his available administrative remedies through BOP pursuant to 28 C.F.R. §§ 542.10 - 542.18. If Taylor in the future chooses to pursue a habeas petition under 28 U.S.C. § 2241, he will be required to demonstrate exhaustion of BOP administrative remedies. *Ihmoud*, 2008 WL 887384, *Campbell v. Brown*, 87 Fed. Appx. 577 (6th Cir. 2004); *United States v. Singh*, 52 Fed. Appx. 711, 712 (6th Cir. 2002); *Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423 (Table, text in 2000 WL 1827950, * 2 (6th Cir. Dec. 7, 2000)); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).

The Court's legal analysis and decision should not come as a surprise to Taylor. As discussed *infra*, the Court previously reached essentially the same decision in denying a similar

motion filed by Taylor in 1994 seeking injunctive relief against BOP in Case No. 1:93-cr-51.

Finally, the Court is not persuaded that BOP has made any errors in administering and managing Taylor's restitution payments pursuant to IFRP. To obtain a restraining order, Taylor must demonstrate a likelihood of success on the merits of his claim. This he has failed to do. Taylor has not made a sufficient showing that would warrant the entry of a restraining order to stay the collection of restitution. The available records show that Taylor has not yet made full restitution in Case No. 1:02-cr-9. There is an outstanding balance owed on his obligation to pay restitution, and it is entirely proper for BOP to proceed to collect restitution from Taylor through IFRP until his restitution obligation is completely satisfied.

In reaching this decision, the Court takes judicial notice of the following facts and procedural history.

### Case No. 1:93-cr-51

On August 11, 1993, this Court entered a judgment of conviction against Taylor in Case No. 1:93-cr-51. He was sentenced to a total of 46 months imprisonment plus a term of supervised release for three years. Taylor was ordered to pay restitution in the amount of $5,000. Taylor was committed to the custody of BOP for imprisonment.

In 1994, Taylor made a motion seeking injunctive relief arising out of a dispute with BOP and BOP officials at the FCI in Tallahassee, Florida, where Taylor was then imprisoned. This Court's ruling on this particular motion in 1994 is instructive here concerning the proper procedure that Taylor is required to follow, i.e. exhaust his administrative remedies through BOP and file a separate action outside the criminal case to obtain judicial relief only after administrative remedies through BOP have been fully exhausted.

4

In the 1994 motion, Taylor alleged that while incarcerated at FCI Tallahassee: (1) he did not receive the correct rate of inmate wages for a job he performed; (2) prison officials harassed Taylor by issuing administrative incident reports falsely stating that Taylor was not cooperating with prison policies and he refused to participate in BOP programs; and (3) when Taylor requested to be transferred from FCI Tallahassee to a different federal correctional facility, officials and employees at FCI Tallahassee threatened to transfer him to another correctional facility with a higher level security classification.

Taylor moved this Court in 1994 to grant him the following injunctive relief: (1) order BOP and FCI Tallahassee to credit his BOP inmate account for wages he claimed to have earned and should have received; (2) order BOP and FCI Tallahassee to remove all false incident reports in his inmate administrative file or records regarding his alleged refusal to participate in prison programs; (3) order that he receive all good time credits; (4) order BOP to cease harassing him and refrain from transferring him to another correctional facility with a higher level security classification; and (5) order that he be permitted to continue receiving treatment from BOP in a drug and psychological counseling program.

On October 19, 1994, this Court issued a memorandum and order denying Taylor's motion. The Court reasoned that although Taylor had chosen to file his motion in closed criminal case 1:93-cr-51 seeking injunctive relief against BOP and FCI Tallahassee, the motion was not properly a continuation of the criminal proceeding in case 1:93-cr-51. The motion did not state a viable claim for post-conviction relief under 28 U.S.C. § 2255 because Taylor did not attack or challenge the legal validity of his judgment of conviction and sentence. The Court did not liberally construe and treat Taylor's motion for injunctive relief as a 28 U.S.C. § 2255 motion because he was not moving

5

to have his judgment of conviction or sentence vacated, corrected, or modified.

The Court determined that if Taylor had a viable claim for injunctive relief, it must be brought in a separate action rather than as a motion in closed criminal case 1:93-cr-51. The Court also concluded that before Taylor could bring an action in the federal courts seeking injunctive relief against BOP, he is required to exhaust his available administrative remedies through BOP. The Court explicitly pointed out to Taylor that the administrative remedies provided by BOP are set forth in 28 C.F.R. § 542. Taylor's motion was denied in part on the ground he had not established that he had exhausted his available administrative remedies through BOP.

In deciding the instant motion for injunctive relief filed by Taylor on June 30, 2008, the Court follows and applies essentially the same legal analysis and reasoning expressed by this Court in its October 19, 1994 memorandum and order.

With regard to Case No. 1:93-cr-51, Taylor commenced his three-year term of supervised release on September 5, 1996. On September 16, 1998, the Court entered a judgment of revocation of supervised release. The Court found that Taylor had committed numerous violations of the conditions of supervised release. The judgment of revocation sentenced Taylor to be committed to the custody of BOP and imprisoned for 11 months. The judgment further ordered that Taylor make restitution on the outstanding balance owed of $4,047.

Based on current information provided by the Probation Office, it is the Court's understanding that the entire $5,000 in restitution ordered in Case No. 1:93-cr-51 has been collected from and paid by Taylor. Restitution has been paid in full in Case No. 1:93-cr-51. Consequently, at the present time, any restitution payments that are now being collected from Taylor by BOP through IFRP are not being disbursed and applied by BOP toward restitution in Case No. 1:93-cr-51.

## Case No. 1:02-cr-9

In July 2002, this Court entered a judgment of conviction against Taylor in Case No. 1:02-cr-9. He was sentenced to a total of 96 months imprisonment plus a term of supervised release for three years. Taylor was ordered to pay restitution in the amount of $3,571.

On February 3, 2005, Taylor made a *pro se* motion to modify or dismiss his conditions of restitution. The motion was denied. This Court said that if Taylor has a dispute with BOP concerning the amount of funds being collected by BOP for restitution through IFRP, then Taylor is required to exhaust his administrative remedies through BOP.

The bottom line is that in Case No. 1:02-cr-9 a total of $235.60 in restitution has been collected and paid to date. Taylor owes an outstanding balance of $3,335.40 in restitution. BOP is authorized to collect restitution from Taylor through IFRP until the restitution obligation in Case No. 1:02-cr-9 is completely satisfied. Any arguments by Taylor to the contrary are frivolous.

Accordingly, the instant motion filed by Taylor on June 30, 2008, to stay collection of restitution by BOP is **DENIED**.

SO ORDERED.

ENTER this the 14th day of July, 2008.

                                       */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE