UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

DAVID WESLEY TAYLOR,                )
                                    )
        Petitioner,                 )
                                    )
v.                                  )    Case Nos. 1:02-cr-9 / 1:10-cv-21
                                    )    Judge Edgar
UNITED STATES OF AMERICA,            )
                                    )
        Respondent.                 )


## MEMORANDUM AND ORDER

Federal prisoner David Wesley Taylor ("Taylor") moves pursuant to 28 U.S.C. § 2255 for

post-conviction relief from the judgment entered by this Court on May 1, 2009 revoking his

supervised release.  Respondent United States of America opposes the motion. [Court Doc. No. 65].

After reviewing the record, the Court concludes that the § 2255 motion [Court Doc. No. 52] will be

denied and dismissed with prejudice.  The record conclusively shows that the motion is without

merit and Taylor is not entitled to any relief under 28 U.S.C. § 2255.  There is no need for an

evidentiary hearing.

## I.      Facts and Procedural History

### A.      Original Conviction and Sentence in Case No. 1:02-cr-9

On January 23, 2002, Taylor was indicted in Case No. 1:02-cr-9 on three counts of bank

robbery by force and violence or intimidation in violation of 18 U.S.C. § 2113(a).  Taylor pleaded

guilty to all three counts.  On June 24, 2202, this Court sentenced Taylor to a total term of

imprisonment of 96 months and three years of supervised release.  This sentence consisted of 96

months imprisonment on each of Counts One, Two and Three to be served concurrently.  Taylor was

ordered to pay $3,571.00 in restitution.  The judgment of conviction was entered on July 8, 2002.

1

[Court Doc. No. 19].

Taylor took a direct appeal to the Sixth Circuit Court of Appeals. On March 13, 2003, the Sixth Circuit affirmed the judgment of conviction and sentence, and dismissed Taylor's appeal. *United States v. Taylor*, 60 Fed. Appx. 566 (6th Cir. 2003).

On June 24, 2003, Taylor made a motion for post-conviction relief under 28 U.S.C. § 2255 challenging the original judgment of conviction entered on July 8, 2002. The § 2255 motion was denied by this Court on August 4, 2004. Taylor filed an application for a certificate of appealability which was denied by the Sixth Circuit Court of Appeals pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c).

On January 3, 2011, this District Court received from Taylor a second or successive motion for post-conviction relief under 28 U.S.C. § 2255 again challenging the July 8, 2002 judgment of conviction. [Court Doc. No. 61]. Taylor did not obtain prior authorization from the Sixth Circuit Court of Appeals to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2244 and 2255(f). On January 7, 2011, this Court transferred the improperly filed second or successive § 2255 motion to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F. 3d 45, 47 (6th Cir. 1997).

**B.      Bank Robbery in Case No. 1:09-cr-13 and Revocation of Supervised Release in Case No. 1:02-cr-9**

Taylor served his term of imprisonment and began his supervised release in Case No. 1:02-cr-9 on January 5, 2009. After only being on supervised release for three weeks, Taylor resumed his criminal career of robbing banks. On January 27, 2009, he committed another bank robbery by robbing a branch of the SunTrust Bank in Chattanooga, Tennessee. On February 10, 2009, the federal grand jury returned a one-count indictment charging Taylor with robbing the SunTrust Bank

by force and violence or intimidation in violation of 18 U.S.C. § 2113(a). *United States v. David Wesley Taylor*, Case No. 1:09-cr-13.

As a result of this bank robbery, Taylor also violated the terms of his supervised release in Case No. 1:02-cr-9. After the robbery of SunTrust Bank on January 27, 2009, revocation of supervised release proceedings were initiated against Taylor in Case No. 1:02-cr-9. Attorney Mary Ellen Coleman ("Coleman") was appointed as counsel to represent Taylor in Case No. 1:09-cr-13 (bank robbery) and the revocation of supervised release in Case No. 1:02-cr-9. These two cases proceeded on a parallel path until they came before this Court for sentencing on May 1, 2009.

On April 14, 2009, Taylor pleaded guilty to the bank robbery in Case No. 1:09-cr-13 without a plea agreement and sentencing was set for on May 1, 2009. This Court relied on the Presentence Investigation Report (PSR) to determine the applicable advisory Guidelines sentencing range. The PSR correctly classified Taylor as a career offender under U.S.S.G. § 4B1.1(b)(C) based on his prior convictions on two counts of bank robbery in Case No. 1:93-cr-51 and three counts of bank robbery in Case No. 1:02-cr-9, all of which qualified as crimes of violence. Taylor's base offense level of 32 was reduced by three levels due to his guilty plea and acceptance of responsibility which yielded a total adjusted offense level of 29. With a criminal history category IV, the PSR calculated the advisory Guidelines range to be 151-188 months imprisonment.

On May 1, 2009, this Court sentenced Taylor in Case No. 1:09-cr-13 to a term of 188 months imprisonment and three years of supervised release. The Court ordered Taylor to pay $3,780.00 in restitution to SunTrust Bank. The judgment of conviction was entered on May 1, 2009. Attorney Coleman timely filed a notice of appeal on behalf of Taylor in Case No. 1:09-cr-13. On direct appeal Taylor argued that the amount of restitution was improper because the amount of money taken by him during the robbery of the SunTrust Bank was not specified in the indictment, stipulated

3

by Taylor, or found by a jury. On April 4, 2011, the Sixth Circuit affirmed the judgment of conviction and sentence, and dismissed Taylor's direct appeal. The Sixth Circuit rejected Taylor's arguments challenging the District Court's finding and determination that he owed $3,780.00 in restitution to SunTrust Bank. *United States v. Taylor*, 418 Fed. Appx. 400 (6th Cir. 2011).

On May 1, 2009, Taylor appeared before this Court for a hearing on revocation of his supervised release in Case No. 1:02-cr-9. He was represented by attorney Coleman. The revocation of supervised release hearing occurred immediately following the sentencing of Taylor for bank robbery in Case No. 1:09-cr-13. Taylor admitted to violating a condition of his supervised release in Case No. 1:02-cr-9 by robbing SunTRust Bank on January 27, 2009. Taylor's admission was voluntary and intelligent. In the face of his guilty plea and conviction for the SunTrust Bank robbery in Case No. 1:09-cr-13, Taylor was not in a position to dispute the revocation of his supervised release in Case No. 1:02-cr-9.

On May 1, 2009, this Court revoked Taylor's supervised release in Case No. 1:02-cr-9 and sentenced him to a term of 18 months imprisonment, to be served consecutive to the 188 months imprisonment imposed in Case No. 1:09-cr-13. The 18-month sentence was below the advisory Guidelines range of 24-30 months. The sentence was procedurally and substantively reasonable. This Court complied with 18 U.S.C. § 3583(e)(3), Fed. R. Crim. P. 32.1, and U.S.S.G. §§ 7B1.1-7B1.5. The Court ordered Taylor to pay any outstanding balance of restitution owed by him which was imposed in the original judgment of conviction entered on July 8, 2002 in Case No. 1:02-cr-9 until restitution had been paid in full. The judgment for revocation of supervised release was entered on May 1, 2009. [Court Doc. No. 41].

Taylor did not timely file a notice of direct appeal to the Sixth Circuit Court of Appeals from the May 1, 2009 judgment for revocation of supervised release. Taylor filed a late *pro se* notice of

4

appeal on August 13, 2009. On June 18, 2010, the Sixth Circuit dismissed the appeal as untimely. [Court Doc. No. 54].

The instant motion by Taylor for post-conviction relief under 28 U.S.C. § 2255 [Court Doc. No. 52] is limited and restricted to challenging only the judgment for revocation of supervised release entered on May 1, 2009 in Case No. 1:02-cr-9. [Court Doc. No. 41].

## II. Standard of Review

### A. 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside, or correct a judgment of conviction or sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the federal district court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by federal law, or is otherwise subject to collateral attack.

As a threshold standard to relief a § 2255 motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Taylor bears the burden of establishing an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

5

To obtain relief under § 2255 for a nonconstitutional error, Taylor must establish either: (1) a fundamental defect in the criminal proceedings which inherently resulted in a complete miscarriage of justice; or (2) an error so egregious that it amounts to a violation of due process. *Reed*, 512 U.S. at 353-54; *Hill v. United States*, 368 U.S. 424, 428 (1962); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Grant v. United States,* 72 F.3d 503, 505-06 (6th Cir. 1996). Where nonconstitutional issues are at stake, there is no basis for allowing a collateral attack under § 2255 to do service for a direct appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant,* 72 F.3d at 506.

An evidentiary hearing is unnecessary in this case because there are no genuine issues of material fact in dispute and the record conclusively shows that Taylor is not entitled to any relief under 28 U.S.C. § 2255. An evidentiary hearing is not required where his allegations and claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Brain v. United States*, 2011 WL 1343344, * 2 (E.D. Tenn. April 8, 2011); *Jones v. United States*, 2010 WL 1882122, * 1 (E.D. Tenn. May 11, 2010).

The burden is on Taylor to articulate sufficient facts to state a viable claim for relief under § 2255. Vague, conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Brain*, 2011 WL 1343344, at

6

* 2; *Jones*, 2010 WL 1882122, at * 2.

**B.     Sixth Amendment Ineffective Counsel and *Strickland* Test**

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have the to right to assistance of counsel for his defense.  Ineffective assistance of counsel that violates the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant.  *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004).

*Strickland* establishes a two-part test for deciding Sixth Amendment claims of ineffective counsel.  First, Taylor must show that his attorney's performance was deficient.  Second, Taylor is required to demonstrate that his counsel's deficient performance caused him actual prejudice. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell*, 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell*, 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000).

The first prong of the *Strickland* test requires Taylor  to show that his attorney's representation fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline*, 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).  The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential.  Counsel is strongly presumed to have rendered adequate legal assistance, and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that

7

counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

Strategic choices made by an attorney after thorough investigation of the relevant facts and law are virtually unchallengeable. Strategic choices made by counsel after less than complete investigation are reasonable precisely to the extent that reasonable professional judgment supports the limitation or restriction placed on the investigation. Defense counsel has a duty to make a reasonable investigation under the circumstances or to make a reasonable decision that a particular investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Skaggs*, 235 F.3d at 268.

The second prong of the *Strickland* test requires Taylor to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must determine whether the performance of counsel was so manifestly deficient that defeat was snatched from the hands of probable victory. *Thelen v. United States,* 131 Fed. Appx. 61, 63 (6th Cir. 2005); *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Taylor must show there is a reasonable probability that, but for the errors and deficient performance of counsel, the result in the revocation of his supervised release would have been different and more favorable to him. A reasonable probability is a

probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the judicial proceeding cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 686.

## III. Analysis

The Court finds that Taylor has not met his burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims challenging the judgment for revocation of supervised release in Case No. 1:02-cr-9. Taylor has not established an error of federal constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. With regard to his claims of nonconstitutional error, Taylor has not established that there was either a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process.

With regard to the claims of ineffective counsel, the Court finds that Taylor has not met his burden of demonstrating either prong of the *Strickland* test. Taylor has not established that his counsel's performance was deficient and fell below an objective standard of reasonableness. Taylor fails to show that his counsel's performance caused him actual prejudice. Taylor cannot establish there is a reasonable probability that, but for the alleged deficient performance of his counsel, the result on the revocation of supervised release would have been different and more favorable to him.

### A. First Claim

The first claim by Taylor is that he was denied the right to take a direct appeal to the Sixth

Circuit Court of Appeals from the judgment for revocation of supervised release entered on May 1, 2009. In his § 2255 motion, Taylor merely states that court appointed counsel failed to file a notice of appeal. Taylor does not provide any facts and details to support this bare claim. In his § 2255 motion, Taylor does not allege that he timely requested or instructed his counsel, Coleman, to file an appeal.

After reviewing the record, the Court concludes that this claim fails and must be denied. In its response, the government submits the sworn affidavit of Coleman. [Court Doc. No. 65-1]. Coleman states the following. Due to the fact that Taylor was clearly in violation of his supervised release, coupled with his below-Guidelines sentence of 18 months imprisonment, Coleman advised Taylor against filing a notice of direct appeal since it would not have been in his best interest. After the revocation hearing and sentencing on May 1, 2009, Taylor did not ask Coleman to file a notice of appeal within the ten-day time limit then applicable to appeals in criminal case. After the ten-day time limit for filing a notice of appeal expired or elapsed, Coleman received a letter from Taylor dated May 18, 2009, wherein Taylor expressed his dissatisfaction with the 18-month sentence claiming it was unfair and Taylor for the first time requested Coleman to file a notice of appeal. However, by the time that Taylor wrote this letter to Coleman on May 18, 2009, the ten-day time limit for filing a notice of appeal had already passed. Thus, no notice of appeal was filed by Coleman on behalf of Taylor from the judgment for revocation of supervised release in Case No. 1:02-cr-9. Coleman timely filed a notice of direct appeal on Taylor's behalf in Case No. 1:09-cr-13. In conclusion Coleman states: "[A]t no time during the ten-day period after sentencing within which the defendant [Taylor] was eligible to file a direct appeal of his supervised release revocation did the defendant contact affiant [Coleman] and request that an appeal be filed on his behalf." [Court Doc. No. 65-1. P. 2].

Taylor submits a reply brief containing some new or additional allegations of fact and claims that go beyond his § 2255 motion. The reply brief captioned "OPPOSITION TO GOVERNMENT'S REQUEST TO DENY HIS 2255 MOTION" is deficient because it is not signed by Taylor. [Court Doc. No. 69]. Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that the Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Taylor is required to sign his reply brief which he failed to do. The Court will not strike the unsigned reply brief from the record under Fed. R. Civ. P. 11. To fully adjudicate and dispose of this § 2255 case, the Court will consider and address matters set forth in Taylor's reply brief.

With regard to Taylor's claim that counsel Coleman did not file a direct appeal from the judgment for revocation of supervised release in Case No. 1:02-cr-9, it is significant that the unsigned reply brief does not constitute a sworn affidavit by Taylor or a declaration made by him under penalty of perjury pursuant to 28 U.S.C. § 1746. Taylor has not submitted his sworn affidavit or a 28 U.S.C. § 1746 declaration under penalty of perjury to rebut and dispute Coleman's sworn affidavit. All of the new, additional factual allegations by Taylor in his reply brief are not properly presented for the Court's review in the form of either a sworn affidavit or a declaration made under penalty of perjury pursuant to 28 U.S.C. § 1746. This severely undercuts the probative value and credibility of the new, additional factual allegations in Taylor's reply brief.

On May 1, 2009, this Court sentenced Taylor in two cases: (1) the bank robbery conviction in Case. No. 1:09-cr-13; and (2) the revocation of supervised release in Case No. 1:02-cr-9. Taylor states the following in his reply brief. After sentencing on May 1, 2009, Coleman asked Taylor if he wanted to appeal. Taylor responded that he did want to appeal. This statement by Taylor is

vague and it is not entirely clear whether Taylor is asserting that he requested Coleman to file appeals in both Case. No. 1:09-cr-13 and Case No. 1:02-cr-9. Taylor alleges that when he received a letter showing that a notice of appeal had been filed in Case. No. 1:09-cr-13, he realized that a notice of appeal had not been filed in Case. No. 1:02-cr-9. Taylor does not specify the precise date when he received this letter. Taylor was in custody in the Hamilton County jail and he made an unsuccessful attempt to contact Coleman by telephone from the jail. When he was unable to communicate with Coleman by telephone, Taylor wrote the letter to Coleman dated May 18, 2009, which is discussed by Coleman in her affidavit. But by the time that Taylor wrote the letter to Coleman dated May 18, 2009, the ten-day time limit for filing the notice of appeal in Case. No. 1:02-cr-9 had elapsed or expired. Taylor contends that Coleman could have made a motion for extension of time to file an appeal under Fed. R. App. P. 4(b)(4). [Court Doc. No. 69].

Based on these facts and circumstances, including the events that occurred during the revocation of supervised release in Case. No. 1:02-cr-9, the Court finds the affidavit of attorney Coleman to be completely credible, true, and accurate. Coleman's affidavit is much more credible than the bare, self-serving allegations by Taylor in his unsigned reply brief. *Cf. Morales v. United States*, 2009 WL 1255575, * 7 (E.D. Tenn. May 1, 2009); *Garner v. United States*, 2006 WL 2585066, * 9 (E.D. Tenn. Sept. 5, 2006); *Houston v. United States*, 2006 WL 13213, ** 2-3 (E.D. Tenn. Jan. 3, 2006). The Court finds that Taylor did not actually request or specifically instruct counsel Coleman to file a notice of direct appeal in Case. No. 1:02-cr-9 until after the applicable ten-day time limit for filing the notice of appeal had elapsed and expired. One reason the Court finds Coleman's affidavit to be accurate and more credible is because there were no viable, nonfrivolous grounds or reasons for Taylor to take a direct appeal.

If a criminal defendant actually requests or specifically instructs his counsel to file a direct

appeal from a judgment of conviction, and if counsel thereafter fails to file the appeal, it constitutes ineffective assistance of counsel and is a *per se* violation of the defendant's Sixth Amendment right to counsel, regardless of whether the appeal would have been successful or futile. With regard to the failure of defense counsel to comply with a criminal defendant's actual request or specific instruction to file a direct appeal, the likelihood of success on the appeal is not a factor in determining whether there is ineffective counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Carrion v. United States*, 107 Fed. Appx. 545, 546-47 (6th Cir. 2004); *Cummings v. United States*, 84 Fed. Appx. 603, 605 (6th Cir. 2003); *Johnson v. United States*, 181 F.3d 101 (Table, text in 1999 WL 357831, * 2 (6th Cir. May 24, 1999); *Gardner v. United States*, 178 F.3d 1294 (Table, text in 1999 WL 232693, * 3 (6th Cir. April 15, 1999)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Morales*, 2009 WL 1255575, at * 7.

This line of precedent does not afford any relief to Taylor here. The Court finds that Taylor did not actually request or specifically instruct counsel Coleman to file a notice of direct appeal in Case. No. 1:02-cr-9 until after the applicable ten-day time limit for filing the notice of appeal had elapsed and expired. In making this determination, the Court relies on Coleman's the affidavit and the reasonable inferences that can be drawn from the criminal proceedings in Case. No. 1:02-cr-9. In this 28 U.S.C. § 2255 proceeding, the Court may rely on and give credit to Coleman's affidavit that Taylor did not timely request or instruct counsel to file a direct appeal. *Cummings*, 84 Fed. Appx. at 605; *Cross v. United States*, 73 Fed. Appx. 864, 865 (6th Cir. 2003); *Odom v. United States*, 229 F.3d 1153 (Table, text in 2000 WL 1175598, * 3 (6th Cir. 2000)); *Coleman v. United States*, 2009 WL 1393323, ** 10-11 (E.D. Tenn. May 18, 2009); *Morales*, 2009 WL 1255575, at * 8; *Munoz v. United States*, 2008 WL 2339456, * 3 (W.D. Mich. June 4, 2008); *United States v. Walls,* 2008 WL 927926, ** 11-12 (E.D. Ky. April 4, 2008); *Schnepp v. United States*, 2007 WL

13

2984198, * 2 (W.D. Mich. Oct. 12, 2007); *Garner*, 2006 WL 2585066, ** 9-10; *Houston*, 2006 WL 13213, at ** 2-3; *Robinson v. United States*, 2005 WL 2417045, ** 3-4 (E.D. Tenn. Sept. 30, 2005).

An evidentiary hearing is not necessary.  Taylor's self-serving allegations in his unsigned reply brief are not credible and are contradicted by the reasonable inferences that can be drawn from the record in Case. No. 1:02-cr-9.  Absent a sworn affidavit from Taylor or declaration made by him under penalty of perjury pursuant to 28 U.S.C. § 1746 that articulates sufficient facts to make out a viable claim, an evidentiary hearing is not warranted.  *Coleman*, 2009 WL 1393323, at * 11; *Munoz*, 2008 WL 2339456, at * 3.

### B.  Second Claim

The second claim in the § 2255 motion has two parts.

### 1.  Admission of Violation of Supervised Release

On May 1, 2009, Taylor admitted during the revocation hearing that he had violated a condition of his supervised release in Case No. 1:02-cr-9 by committing the robbery of SunTrust Bank on January 27, 2009.  In his § 2255 motion, Taylor now claims that it was not a voluntary and intelligent admission or "guilty plea" because he did not adequately understand the nature of the charge (violation of terms of supervised release) and the consequences.  The consequences were that Taylor could be sentenced to a term of imprisonment that would run consecutively to the sentence of imprisonment imposed on his bank robbery conviction in Case. No. 1:09-cr-13.

This claim fails.  The Court finds that, after being advised by competent counsel, Taylor made a voluntary and intelligent admission that he violated the terms of his supervised release.  It was beyond any reasonable dispute that Taylor clearly violated the terms of his supervised release in Case No. 1:02-cr-9 by committing the robbery of SunTrust Bank on January 27, 2009.  Taylor pleaded guilty under oath in Case. No. 1:09-cr-13 to committing the robbery of SunTrust Bank.

14

Moreover, Taylor cannot establish that he did not know or understand the consequences of his admission, i.e. that he could be sentenced to a term of imprisonment as result of the revocation of supervised release. This should have come as no surprise to Taylor. When this Court held the revocation of supervised release hearing in Case No. 1:02-cr-9 on May 1, 2009, Taylor had previously been sentenced to imprisonment on another revocation of supervised release on September 16, 1998 in bank robbery Case No. 1:93-cr-51.

Even if we assume *arguendo* that when Taylor admitted to violating his supervised release in Case No. 1:02-cr-9, he did not know or understand that he could sentenced to a term of imprisonment that would run consecutively to the sentence of imprisonment on his bank robbery conviction in Case. No. 1:09-cr-13, this is insufficient to establish that his admission to the violation of supervised release was not voluntary and intelligent.

A voluntary and intelligent guilty plea made by a defendant who has been advised by competent counsel may not be collaterally attacked under 28 U.S.C. § 2255. *United States v. Broce*, 488 U.S. 563, 574 (1989); *cf. Mabry v. Johnson*, 467 U.S. 504, 508 (1984). In some cases, a defendant may be able to show that his guilty plea was not a voluntary and intelligent act because his attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ray v. Rose*, 491 F.2d 285, 289-90 (6th Cir. 1974); *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974). Where a claim of ineffective counsel is made in a § 2255 proceeding in the context of a guilty plea, the prejudice prong of the *Strickland* test is adjusted.

Taylor is required to allege and show there is a reasonable probability that, but for his counsel's errors and deficient performance, Taylor would not have admitted at the revocation hearing that he violated his supervised release in Case No. 1:02-cr-9 by committing the robbery of

15

SunTrust Bank on January 27, 2009 and he would have insisted on requiring the government to prove by a preponderance of the evidence that Taylor violated a condition of supervised release under 18 U.S.C. § 3583(e)(3) and Fed. R. Crim. P. 32.1. *Cf. Hill*, 474 U.S. at 58-59; *Humphress*, 398 F.3d at 858-59; *Griffin*, 330 F.3d at 736-37; *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998); S*ullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *Brain*, 2011 WL 1343344, at * 8; *Cordell v. United States*, 2008 WL 4568076, *6 (E.D. Tenn. Oct. 14, 2008); *United States v. Lujan*, 2006 WL 2706790, ** 5-10 (E.D. Tenn. Sept. 15, 2006); *Mayes v. United States*, 93 F. Supp.2d 882, 890 (E.D. Tenn. 2000).

Taylor makes no such claim here. Taylor does not allege and fails to show there is a reasonable probability that, but for his counsel's alleged deficient performance, Taylor would not have admitted during the revocation hearing in Case No. 1:02-cr-9 that he violated a condition of supervised release by robbing SunTrust Bank on January 27, 2009 and he would have insisted on requiring the government to prove by a preponderance of the evidence that Taylor violated supervised release. 18 U.S.C. § 3583(e)(3); Fed. R. Crim. P. 32.1. Therefore, Taylor cannot meet his burden of establishing the prejudice prong of the *Strickland* test.

It would have been very simple during the revocation hearing in Case No. 1:02-cr-9 for the United States government to prove by a preponderance of the evidence that Taylor violated the conditions of his supervised release. Taylor pleaded guilty and was convicted in Case No. 1:09-cr-13 of robbing the SunTrust Bank on January 27, 2009 in violation of 18 U.S.C. § 2113(a). As result of his guilty plea and conviction in Case No. 1:09-cr-13, Taylor and his counsel were not in a viable position during the revocation hearing in Case No. 1:02-cr-9 to dispute the fact that Taylor violated a condition of supervised release by robbing SunTrust Bank.

Furthermore, this claim is procedurally defaulted. A guilty plea comports with due

process and is constitutionally valid only to the extent that it is voluntary and intelligent. *Bousley,* 523 U.S. at 618; *Brady v. United States,* 397 U.S. 742, 748 (1970). Generally, the voluntariness and intelligence of Taylor's admission or "guilty plea" can be attacked under 28 U.S.C. § 2255 only if it is first challenged on direct appeal. Habeas review is an extraordinary remedy and cannot do service for a direct appeal. *Bousley,* 523 U.S. at 621; *Reed*, 512 U.S. at 354. Because Taylor did not challenge on direct appeal the validity of his admission that he violated a condition of supervised release, this claim is procedurally defaulted. *Bousley,* 523 U.S. at 621. Taylor can raise the procedurally defaulted claim under 28 U.S.C. § 2255 only if he can first demonstrate either: (1) cause and prejudice to excuse the procedural default; or (2) actual innocence. *Bousley,* 523 U.S. at 621; *VanWinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011); *Waucaush*, 380 F.3d at 254; *Peveler v. United States,* 269 F.3d 693, 698 (6th Cir. 2001).

Actual innocence means factual innocence, not mere legal insufficiency. *Bousley,* 523 U.S. at 623; *Schlup,* 513 U.S. at 321; *VanWinkle,* 645 F.3d at 369. The record conclusively shows that Taylor is not actually (factually) innocent on the charge that he violated a condition of his supervised release in Case No. 1:02-cr-9 by robbing SunTrust Bank on January 27, 2009.

The Court finds that Taylor has not met his burden of showing cause and prejudice to excuse the procedural default. The procedural default was not caused by ineffective counsel. Taylor has not met his burden of demonstrating either prong of the *Strickland* test. Taylor cannot show that his procedural default by not challenging the validity of his admission or "guilty plea" on direct appeal was caused by ineffective counsel. The performance of Taylor's counsel was reasonable under the circumstances. Taylor made a voluntary and intelligent admission that he had violated a condition of supervised release, and there is no plausible basis for Taylor's counsel to challenge the validity of that admission on direct appeal. There was no viable ground for a direct appeal. Taylor's counsel

is not ineffective for "failing" to raise a meritless argument.  *Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir. 1999); *Brain v. United States*, 2011 WL 1343344, * 11 (E.D. Tenn. April 8, 2011).

Counsel's performance did not cause any actual prejudice to Taylor because his voluntary and intelligent admission was entirely valid.  There was a valid factual and legal basis for Taylor's admission that he violated the terms of supervised release in Case No. 1:02-cr-9 by committing the robbery of SunTrust Bank on January 27, 2009.  Accordingly, Taylor's challenge to the validity of his admission is barred by the procedural default, and he fails to show cause and prejudice to excuse or overcome the procedural default.

## 2.  Delay in Revocation of Supervised Release Hearing

It is further claimed that counsel Coleman was ineffective for recommending that the revocation of supervised release hearing be delayed until Taylor's "primary case" (bank robbery in Case No. 1:09-cr-13) was decided so that Taylor could receive a lighter or less severe sentence. Taylor argues that this was bad or incorrect legal advice because when counsel made the recommendation to delay the revocation of supervised release hearing until  May 1, 2009, Taylor had not yet been found guilty and convicted on the bank robbery charge in Case No. 1:09-cr-13.

This claim fails.  Taylor labors under the mistaken belief that if his revocation of supervised release hearing in Case No. 1:02-cr-9 had been held prior to his conviction and sentencing on the bank robbery in Case No. 1:09-cr-13, it would have somehow resulted in a less severe sentence of imprisonment on the revocation of supervised release.  The Court finds that Taylor  has not met his burden of demonstrating either prong of the *Strickland* test.  Taylor has not established that his counsel's performance was deficient and fell below an objective standard of reasonableness.  Taylor fails to show that his counsel's legal advice and performance caused him actual prejudice.  Taylor cannot establish there is a reasonable probability that if the revocation of supervised release hearing

in Case No. 1:02-cr-9 had been held prior to the sentencing on the bank robbery in Case No. 1:09-cr-13, it would have resulted in a lower or less severe sentence of imprisonment on the revocation of supervised release.

Taylor incorrectly assumes that defense counsel Coleman could have scheduled the revocation of supervised release hearing whenever she wanted prior to May 1, 2009. Colemen was not in control of the Court's calendar and she had no authority to decide when the Court would schedule the revocation of supervised release hearing. The Court made the decision to schedule the sentencing on the bank robbery in Case No. 1:09-cr-13 and the revocation of supervised release hearing in Case No. 1:02-cr-9 together on May 1, 2009. This promoted the efficient use of judicial resources and best served the convenience of the Court, the attorneys, and all persons involved. The two matters were intertwined and closely related in that the bank robbery in Case No. 1:09-cr-13 (SunTrust Bank robbery on January 27, 2009) served as the basis for revocation of Taylor's supervised release in Case No. 1:02-cr-9.

Taylor fails to show how Coleman's legal advice caused him any actual prejudice. The Court imposed a sentence of 18 months imprisonment for revocation of supervised release which was below the Guidelines range of 24-30 months. Taylor received a favorable break on the length of this sentence. Based on his conduct and criminal history as a career offender who persisted in committing multiple bank robberies, it is unreasonable for Taylor to believe that he could have received a significantly lower sentence of imprisonment – below 18 months – on the revocation of his supervised release, if only Coleman had been able to schedule the revocation hearing prior to Taylor being convicted and sentenced on the bank robbery in Case No. 1:09-cr-13 on May 1, 2009. As a practical matter, it simply made no difference in the final outcome. Taylor would have received the same sentence of 18 months imprisonment for revocation of supervised release, even

if the revocation hearing had been held prior to Taylor being convicted and sentenced on the bank robbery in Case No. 1:09-cr-13.

The Court finds that Coleman provided Taylor with competent legal advice and effective representation. Coleman is a good attorney but she cannot be expected to work miracles and accomplish the impossible as demanded here by Taylor.

**C.    Third Claim**

Taylor claims his counsel was ineffective for failing to raise an objection or argument that his sentence of 18 months imprisonment on the revocation of supervised release in Case No. 1:02-cr-9 should be served concurrently, not consecutively, to the sentence of 188 months imprisonment on his bank robbery conviction in Case No. 1:09-cr-13.

This claim fails. During the revocation of supervised release hearing in Case No. 1:02-cr-9, counsel Coleman in effect argued that the two sentences should run concurrently. Coleman stated:

> Well, Your Honor, I believe probation is recommending a revocation at the statutory maximum, which is 24 months, which is the low end of his guideline range. However, we would argue to the Court, he [Taylor] has just received a 15-year sentence. To add two more years on top of that is not really necessary. I don't think it necessarily adds any additional deterrence and that 15 years is an ample period of confinement to protect the public. So we would ask the Court to consider a non-guideline sentence in this particular situation for those reasons.

[Case No. 1:09-cr-13, Doc. No. 23, Sentencing Hearing Transcript p. 26].

Although Coleman did not explicitly use the term "concurrent," she made a reasonable argument on Taylor's behalf for either a concurrent sentence of imprisonment or a substantially reduced sentence on the revocation of supervised release. After hearing Coleman's argument, the Court decided to impose the sentence of 18 months imprisonment on the revocation of supervised release which was below the Guidelines range of 24-30 months. The Court properly exercised its authority to order that the sentence of 18 months imprisonment in Case No. 1:02-cr-9 run

consecutive to the sentence of 188 months imprisonment on Taylor's bank robbery conviction in Case No. 1:09-cr-13.

There is a good reason why counsel Coleman did not explicitly request a "concurrent" sentence. The applicable United States Sentencing Guidelines recommend that a sentence of imprisonment imposed for revocation of supervised release should be served consecutively. *See e.g. United States v. Villasenor*, 256 Fed. Appx. 842, 844 (7th Cir. 2007). U.S.S.G. § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Application Note 4 in the official Commentary to U.S.S.G. § 7B1.3 provides:

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant. Similarly, it is the [Sentencing] Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

The Court finds that the performance of Taylor's counsel was competent and effective. Taylor has not established that counsel's performance fell below an objective standard of reasonableness. Counsel Coleman made the best argument she could on Taylor's behalf. Taylor fails to show that his counsel's performance caused him actual prejudice. Taylor cannot establish there is a reasonable probability that, but for the alleged deficient performance of his counsel in not requesting a concurrent sentence, the result of the revocation of supervised release would have been different and more favorable to him. The bottom line is that, after hearing oral argument from counsel Coleman, the Court decided that the sentence of 18 months imprisonment on the revocation of supervised release should run consecutively to the sentence of 188 months imprisonment on

Taylor's bank robbery conviction in Case No. 1:09-cr-13. The Court was not persuaded that these two sentences should run concurrently. Just because Taylor did not obtain the result he desired does not mean that Taylor was deprived of his Sixth Amendment right to effective assistance of counsel.

D. **Fourth Claim**

In his reply brief ,Taylor for the first time raises a new claim of sentencing error not pleaded in his § 2255 motion. Taylor claims that his consecutive sentence of 18 months imprisonment for revocation of supervised release is unreasonable. [Court Doc. No. 69, p. 2]. He argues it is unreasonable because in his "primary case" (bank robbery conviction in Case No. 1:09-cr-13), his sentence was enhanced to an advisory Guidelines range of 151-188 months based on his classification as a career offender under U.S.S.G. § 4B1.1(b)(C) and he was sentenced to 188 months at the top of the range. In other words, Taylor argues that because he was sentenced to 188 months imprisonment on the bank robbery in Case No. 1:09-cr-13, it was unreasonable for the District Court to impose a consecutive sentence of 18 months imprisonment for revocation of his supervised release in Case No. 1:02-cr-9. Taylor does not indicate whether he is claiming that the 18-month sentence is procedurally unreasonable or substantively unreasonable.

This claim fails for the following reasons. Taylor did not plead this particular claim in his § 2255 motion. [Court Doc. No. 52]. He cannot interject this new claim into his unsigned reply brief without making a motion for leave to amend the § 2255 motion and obtaining the Court's permission. Rule 12 of Rules Governing Section 2255 Proceedings in the United States District Courts; Rule 15(a) (2) of the Federal Rules of Civil Procedure. This claim is frivolous and the Court declines to grant permission to make such an amendment to the § 2255 motion because it would be futile. The Court may deny leave to amend under Fed. R. Civ. P. 15(a) when the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Benzon v. Morgan Stanley*

*Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).

Taylor fails to show that his consecutive sentence of 18 months imprisonment for revocation of supervised release in Case No. 1:02-cr-9 is either procedurally or substantively unreasonable. When imposing the consecutive sentence of 18 months imprisonment, the Court complied with and followed the correct procedures. 18 U.S.C. § 3583(e)(3); Fed. R. Crim. P. 32.1; U.S.S.G. §§ 7B1.1 - 7B1.5.

The sentence of 18 months was substantively reasonable because it was below the advisory Guidelines range of 24-30 months. A sentence is substantively unreasonable if it: (1) is selected arbitrarily; (2) is based on impermissible factors; (3) fails to consider a relevant sentencing factor; or (4) gives an unreasonable weight to any pertinent factor. *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011); *United States v. Rosenbaum*, 585 F.3d 259, 267 (6th Cir. 2009). None of these circumstances exist in Taylor's case. Taylor cannot show that the consecutive sentence of 18 months imprisonment for revocation of supervised release was selected arbitrarily, was based on any impermissible factors, failed to take into consideration a relevant sentencing factor, or gave unreasonable weight to any pertinent factor.

Moreover, Taylor did not raise this claim of nonconstitutional sentencing error on direct appeal. Consequently, the claim has been waived and cannot be raised under 28 U.S.C. § 2255. Generally, such sentencing challenges must be made on direct appeal or they are waived and cannot be raised for the first time in a § 2255 motion. *Weinberger*, 268 F.3d at 351; *Grant,* 72 F.3d at 505-06. Claims of sentencing error based on alleged mistakes in the application of the federal sentencing guidelines rarely, if ever, warrant relief from the consequences of waiver under § 2255. *Grant,* 72 F.3d at 506. Taylor's claim of sentencing error has been waived and cannot be raised in his § 2255

23

motion unless he can show an error so egregious that it amounts to a violation of due process. *Jones*, 178 F.3d at 796; *Grant,* 72 F.3d at 506. The Court finds that Taylor has not demonstrated a sentencing error so egregious that it amounts to a violation of his right to due process. The bottom line is that there is no sentencing error.

Relief from the waiver may be available under § 2255 if Taylor can demonstrate that he has been deprived of his Sixth Amendment right to the effective assistance of counsel. *Weinberger*, 268 F.3d at 351; *Grant*, 72 F.3d at 506. A claim of nonconstitutional sentencing guideline error can be reviewed for the first time under § 2255 if Taylor can show that this claim has been waived or forfeited by the lack of a direct appeal due to ineffective counsel.

The Court concludes that Taylor cannot show that the waiver due to lack of a direct appeal has been caused by ineffective counsel. The performance of Taylor's counsel was reasonable and did not cause him to suffer actual prejudice. There was no good reason or valid ground for Taylor's counsel to take a direct appeal concerning the claimed sentencing error, i.e. that the consecutive sentence of 18 months imprisonment for revocation of supervised release was procedurally or substantively unreasonable. It does not constitute ineffective counsel under the Sixth Amendment when counsel does not raise a meritless argument.

### E. Fifth Claim

In his reply brief ,Taylor for the first time raises another new claim not pleaded in his § 2255 motion. Taylor claims that the sentence of 188 months imprisonment in Case No. 1:09-cr-13 and his consecutive sentence of 18 months imprisonment for revocation of supervised release in Case No. 1:02-cr-9 "would be grounds for multiplicity of sentences" where he was charged assessment fees, ordered to pay restitution, and imprisoned for the same conduct, i.e. the robbery of SunTrust Bank on January 27, 2009. He argues that the imposition of these two consecutive sentences

24

constitutes multiple punishment for the same offense – the robbery of SunTrust Bank – and violates his right under the Fifth Amendment to the United States Constitution not to be subjected to double jeopardy for the same criminal offense. [Court Doc. No. 69, p. 3]. It appears that Taylor is claiming that his counsel was ineffective for not raising this Fifth Amendment double jeopardy argument at the time of sentencing in the District Court and on direct appeal to the Sixth Circuit.

This claim fails. Taylor did not plead this double jeopardy claim in his § 2255 motion. [Court Doc. No. 52]. He cannot interject this new claim into his reply brief without making a motion for leave to amend the § 2255 motion and obtaining the Court's permission. Fed. R. Civ. P. 15(a)(2). The Court declines to allow such a belated amendment to the § 2255 motion because the double jeopardy claim is entirely without merit and any such amendment would be futile.

The Fifth Amendment provides in part: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." There is no double jeopardy in Taylor's cases. Taylor was convicted and sentenced to 188 months imprisonment in Case No. 1:09-cr-13 for robbing SunTrust Bank on January 27, 2009 in violation of 18 U.S.C. § 2113(a). The same conduct also violated a term or condition of Taylor's supervised release in Case No. 1:02-cr-9. The Court sentenced Taylor to a consecutive term of 18 months imprisonment for the revocation of supervised release.

This does not constitute double jeopardy under the Fifth Amendment because Taylor was not prosecuted and punished twice for the same criminal offense. These are different, separate criminal offenses. The offense in Case No. 1:09-cr-13 – robbery of SunTrust Bank on January 27, 2009 in violation of 18 U.S.C. § 2113(a) – is not the same offense as the three previous bank robberies in Case No. 1:02-cr-9 which are the offenses that must be considered with regard to the revocation of Taylor's supervised release.

18 U.S.C. § 3583(e)(3) provides in part that the Court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by the statute *for the offense that resulted in such term of supervised release* ...." (Emphasis supplied). For purposes of double jeopardy analysis, the revocation of Taylor's supervised release under 18 U.S.C. § 3583(e)(3) relates and is attributed to his original offenses and judgment of conviction for the three bank robberies in Case No. 1:02-cr-9, not the different robbery of SunTrust Bank on January 27, 2009 for which Taylor was separately convicted and sentenced in Case No. 1:09-cr-13. Pursuant to 18 U.S.C. § 3583(e)(3) the sentence of 18 months imprisonment for the revocation of supervised release is attributed to Taylor's original offenses in Case No. 1:02-cr-9 because they are the criminal offenses that resulted in his supervised release. The supervised release that was revoked is part of the sentence imposed on Taylor for the original offenses and conviction in Case No. 1:02-cr-9. *Johnson v. United States*, 529 U.S. 694, 700-01 (2000); *United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011); *United States v. Richardson*, 269 Fed. Appx. 493, 494 (5th Cir. 2008); *United States v. Wheeler*, 330 F.3d 407, 412-13 (6th Cir. 2003); *United States v. Flanory*, 45 Fed. Appx. 456, 462 (6th Cir. 2002); *United States v. Wyatt*, 102 F.3d 241, 244 (7th Cir. 1996); *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) (The entire sentence, including the period of supervised release, is the punishment for the original crime, and it is the original sentence that is executed when a defendant violates the terms of supervised release and there is a revocation of supervised release).

When Taylor's supervised release is revoked in Case No. 1:02-cr-9 and he is sentenced to 18 months imprisonment for violating supervised release, it is the original sentence in Case No. 1:02-cr-9 that is being executed. *Villasenor*, 256 Fed. Appx. at 844; *Wyatt*, 102 F.3d at 245; *Soto-Olivas*, 44 F.3d at 790. The revocation of Taylor's supervised release in Case No. 1:02-cr-9 is not

26

punishment for the criminal offense that triggered the revocation, i.e. Taylor's robbery of the SunTrust Bank on January 27, 2009. *Johnson*, 529 U.S. at 700; *Villasenor*, 256 Fed. Appx. at 844; *Wyatt*, 102 F.3d at 245. Consequently, there is no doble jeopardy violation when Taylor is convicted and sentenced in Case No. 1:09-cr-13 for the robbery of the SunTrust Bank on January 27, 2009, and his same conduct also serves as the basis for revocation of supervised release in Case No. 1:02-cr-9. *Johnson*, 529 U.S. at 700; *Villasenor*, 256 Fed. Appx. at 844-45; *Wheeler*, 330 F.3d at 412; *Wyatt*, 102 F.3d at 245. This Court completely rejects Taylor's Fifth Amendment double jeopardy claim as without merit.

Furthermore, Taylor's double jeopardy claim is procedurally defaulted because he did not raise it on direct appeal. Taylor can raise this procedurally defaulted claim under § 2255 only if he can first demonstrate either: (1) cause and prejudice to excuse the procedural default; or (2) actual innocence. *Bousley,* 523 U.S. at 621; *VanWinkle,* 645 F.3d at 369; *Waucaush*, 380 F.3d at 254; *Peveler,* 269 F.3d at 698. Taylor fails to show that his procedural default can be excused.

Actual innocence means factual innocence. *Bousley,* 523 U.S. at 623; *Schlup,* 513 U.S. at 321; *VanWinkle,* 645 F.3d at 369. The record conclusively shows that Taylor is not actually (factually) innocent on the charge of violating a condition of his supervised release in Case No. 1:02-cr-9 by committing the robbery of SunTrust Bank on January 27, 2009.

Taylor has not met his burden of showing cause and prejudice to excuse the procedural default. Taylor cannot show that his procedural default by not raising the double jeopardy claim on direct appeal was caused by ineffective counsel. Taylor cannot establish either prong of the *Strickland* test. The performance of Taylor's counsel was reasonable under the circumstances. There is no valid basis in fact or law for Taylor's counsel to raise this frivolous double jeopardy claim on direct appeal. The bottom line is that there is no violation of the Fifth Amendment right

against double jeopardy in Taylor's case and it was not a viable ground for direct appeal. Taylor's counsel is not ineffective for "failing" to raise and pursue this meritless double jeopardy argument. *Mapes*, 171 F.3d at 427; *Brain*, 2011 WL 1343344, at * 11. And because Taylor's double jeopardy claim is entirely without merit, counsel's performance did not cause any actual prejudice to Taylor. Accordingly, Taylor's Fifth Amendment double jeopardy claim is barred by the procedural default, and he fails to show cause and prejudice to excuse or overcome the procedural default.

## F. Extraneous Claims Concerning Restitution Unrelated to Judgment for Revocation of Supervised Release in Case No. 1:02-cr-9

The present motion by Taylor for relief under 28 U.S.C. § 2255 is limited and restricted to challenging the judgment for revocation of supervised release entered by this Court on May 1, 2009 in Case No. 1:02-cr-9. Taylor improperly seeks to use this § 2255 motion as a vehicle to also raise extraneous arguments and claims involving restitution and other judgments or orders not before this Court. Taylor's extraneous claims concerning restitution exceed the scope of this § 2255 proceeding.

The Court takes judicial notice that in the past Taylor has made numerous, repetitive motions raising the same or similar arguments challenging the imposition, enforcement, and collection of the restitution ordered in Case No. 1:93-cr-51, Case No. 1:02-cr-9 (original judgment of conviction entered July 5, 2002), and Case No. 1:09-cr-13. This Court has consistently denied all such previous motions by Taylor. Case No. 1:02-cr-9, Doc. Nos. 29, 30, 31, 32, 45, 46, 49, 50, 51, 53, 56, 67; and Case No. 1:09-cr-13, Doc. Nos. 29, 30, 31, 32, 35, 41.

When federal prisoner Taylor was incarcerated in the United States Penitentiary in Pollock, Louisiana, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Louisiana. Taylor raised the same or similar claims

and arguments challenging restitution. His claims and arguments were rejected, and his 28 U.S.C. § 2241 habeas petition was denied. *Taylor v. Warden*, 2010 WL 5292611 (W.D. La. Dec. 1, 2010) (Magistrate Judge's report and recommendation adopted by District Judge in *Taylor v. Warden*, 2010 WL 5292068 (W.D. La. Dec. 17, 2010)), *aff'd, Taylor v. Warden United States Penitentiary Pollock*, 433 Fed. Appx. 278 (5th Cir. July 20, 2011).

In the present § 2255 motion challenging the judgment for revocation of supervised release in Case No. 1:02-cr-9, Taylor seeks to resurrect and relitigate his restitution arguments in Case No. 1:93-cr-51, Case No. 1:02-cr-9 (original judgment of conviction), and Case No. 1:09-cr-13 which have previously been rejected and denied. This he cannot do.

Taylor claims that counsel was ineffective for not attacking or objecting to the order of restitution and his inability to make payment of restitution as set forth in 18 U.S.C. § 3664. Taylor contends that the District Court failed to consider his lack of financial resources as required by 18 U.S.C. §§ 3572 and 3664(f). It is argued by Taylor that this Court improperly delegated to the United States Bureau of Prisons the authority to make the schedule for restitution payment. Taylor further contends there is an error in that restitution he paid in 2002 on the original judgment of conviction in Case No. 1:02-cr-9 is alleged to have been improperly applied toward payment of an earlier obligation to make restitution in *United States v. David W. Taylor*, Case No. 1:93-cr-51.

In his reply brief [Court Doc. No. 69, p. 2], Taylor asserts that the Court's restitution orders issued in connection with the bank robberies in Case No. 1:93-cr-51, Case No. 1:02-cr-9 (original judgment of conviction entered July 5, 2002), and Case No. 1:09-cr-13 are in error and violate federal law. It is argued that this District Court erred by failing to establish schedules for payment of restitution and failing to take into consideration Taylor's financial resources and assets, projected earnings and income, and other financial obligations as required by 18 U.S.C. §§ 3572 and 3664.

None of these arguments have any merit.

The Court concludes that all of these extraneous arguments and claims of error by Taylor concerning the imposition, enforcement, and collection of the restitution ordered by this Court in Case No. 1:93-cr-51, Case No. 1:02-cr-9 (original judgment of conviction), and Case No. 1:09-cr-13 must be denied. These restitution claims are not properly before this Court in the instant 28 U.S.C. § 2255 proceeding which is limited and restricted to Taylor's attack on the judgment for revocation of supervised release entered on May 1, 2009 in Case No. 1:02-cr-9. The Court cannot reach any of these other extraneous claims for relief concerning restitution ordered in Case No. 1:93-cr-51, Case No. 1:02-cr-9 (original judgment of conviction), and Case No. 1:09-cr-13 because they involve different judgments of conviction and orders not presently before this Court for review under § 2255.

Even if we assume *arguendo* that this Court could address these extraneous matters in this § 2255 proceeding, these claims and arguments by Taylor concerning restitution and alleged sentencing errors in Case No. 1:93-cr-51, Case No. 1:02-cr-9 (original judgment of conviction), and Case No. 1:09-cr-13 have been waived because Taylor did not raise them on direct appeal to the Sixth Circuit Court of Appeals. Generally, claims of nonconstitutional sentencing error must be made on direct appeal or they are waived and cannot be raised for the first time in a § 2255 motion. *Weinberger*, 268 F.3d at 351; *Grant,* 72 F.3d at 505-06.

Taylor's claims of sentencing errors concerning restitution have been waived and cannot be raised in his § 2255 motion unless he can show an error so egregious that it amounts to a violation of due process. *Jones*, 178 F.3d at 796; *Grant,* 72 F.3d at 506. The Court finds that Taylor has not demonstrated a sentencing error so egregious that it amounts to a violation of his right to due process. There are no sentencing errors regarding the judgments and orders to pay restitution.

Relief from the waiver may be available under § 2255 if Taylor can demonstrate that he has been deprived of his Sixth Amendment right to the effective assistance of counsel. *Weinberger*, 268 F.3d at 351; *Grant*, 72 F.3d at 506. A claim of nonconstitutional sentencing error can be reviewed for the first time under § 2255 if Taylor can show that this claim has been waived or forfeited by the lack of a direct appeal due to ineffective counsel.

Taylor fails to show that the waiver has been caused by ineffective counsel. The performance of Taylor's counsel was reasonable and did not cause him to suffer actual prejudice. There was no good reason or valid ground for Taylor's counsel to raise contemporaneous objections during the revocation hearing/sentencing on May 1, 2009 and to take a direct appeal concerning the claimed sentencing errors regarding restitution.

## IV. <u>Conclusion</u>

The motion by federal prisoner David Wesley Taylor for relief pursuant to 28 U.S.C. § 2255 [Court Doc. No. 52] is **DENIED and DISMISSED WITH PREJUDICE**. Taylor's motion for appointment of counsel [Court Doc. No. 66] is **DENIED**. Taylor's motion to stay this proceeding and for an extension of time to file a reply [Court Doc. No. 68] is **DENIED** as moot. Taylor filed his reply brief on February 22, 2011 [Court Doc. No. 69] and the Court has taken it into consideration.

If Taylor files a notice of appeal from this decision, it will be treated as an application for a certificate of appealability which is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b) because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal from this decision by Taylor would be frivolous and not taken in good faith. A separate judgment will be entered.

The Clerk of this Court is directed to mail copies of this memorandum and order and the accompanying judgment to David W. Taylor # 13549-074, FCI Victorville, P.O. Box 5300, Adelanto, California 92301.

SO ORDERED.

ENTERED:  February 28, 2012.


_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE